UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eric Ho,

                    Plaintiff,                          Court File No. 13-cv-245 (DWF/LIB)

        v.                                              **REPORT AND RECOMMENDATION**

Brian Jett, et al.,

                    Defendants.

This matter came before the undersigned United States Magistrate Judge upon the Federal Defendants'[1] Motion to Dismiss or, in the alternative, for Summary Judgment, [Docket No. 41]. The case has been referred to the undersigned Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. The Court held a motion hearing on November 19, 2013. For reasons outlined below, the Court recommends that the Federal Defendants' Motion to Dismiss and its Alternative Motion for Summary Judgment, [Docket No. 41], be **GRANTED in part** and **DENIED in part**.

I.      STATEMENT OF FACTS

Plaintiff Eric Ho is a former FMC-Rochester inmate.[2] Plaintiff suffers from Machado-Josephs Disease (MJD), a progressive condition that results in lack of muscle control and coordination in the extremities, eventually leading to paralysis. (Amended Compl. [Docket No. 18], ¶¶ 14, 15). Plaintiff currently has two suits pending before the Court, the other being 12-cv-126 (DWF/LIB).

---

[1] The Federal Defendants include FMC-Rochester Warden Brian Jett, former BOP Director Harley G. Lappin, FMC-Rochester Correctional Officers Troy Lewis and Joanie Gora, FMC-Rochester Lieutenant D. Tolliver, and former North Central Regional Director Nalley.

[2] Plaintiff now resides in Hawaii. (Amended Compl. [Docket No. 18], ¶ 3).

The present case arises from an alleged sexual assault that took place during Plaintiff's time at FMC-Rochester while his disease had rendered him wheelchair-bound and particularly vulnerable. (Id.) Plaintiff alleges that sometime in February or March 2011 (Plaintiff does not plead a specific date), a fellow inmate, Dewayne Dugan, sexually assaulted him. (Id. ¶ 1). Plaintiff seeks monetary damages against the Federal Defendants for committing acts, under the color of law, which deprived him of his constitutional rights. (Id.)

Plaintiff alleges that although he specifically reported the assault immediately after it happened, "Federal Employees" at FMC-Rochester (Plaintiff specifically identifies Defendants Lewis and Gora) ignored his reports and denied him medical assistance. (Id. ¶¶ 16, 33). Plaintiff further alleges that the Federal Defendants, as a group, knowingly transferred an inmate with a history of sexual assault (Dugan) to a facility housing particularly vulnerable inmates. (Id. ¶ 21). By this knowing transfer, the Federal Defendants were allegedly deliberately indifferent to the "safety, health, and well-being of other inmates with complex mental and physical illnesses like Plaintiff . . . ." (Id.) Plaintiff further alleges that the Federal Defendants deliberately threatened and punished Plaintiff as a means of deterring him from brining his related lawsuit, 12-cv-126 (DWF/LIB), going so far as to allege that the Federal Defendants ultimately encouraged Dugan to sexually assault Plaintiff. (Id. ¶¶ 28, 37).

The vast majority of Plaintiff's allegations are preceded by the qualifying phrase "upon information and belief" or "Plaintiff understands and/or believes."

Plaintiff alleges that the Federal Defendants are liable pursuant to Bivens[3] for violations of Plaintiff's First, Fifth, and Eighth Amendment rights. (Amended Compl. [Docket No. 18], at

---

[3] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Bivens claims are distinct from claims pursuant to 42 U.S.C. § 1983, despite the fact that Plaintiff's Amended Complaint seemingly conflates the two. "By its terms, § 1983 applies only to state actors and thus cannot found a claim against federal officials or agencies." Solliday v. Nalley, No. 11-cv-2350 (MJD/JJG), 2012 U.S. Dist. LEXIS 126008, at *1-2 n.1

Count IV). Additionally, Plaintiff alleges conspiracy by the Federal Defendants pursuant to 42 U.S.C. § 1985. (<u>Id.</u> at Count V).

Against Defendant Dugan, Plaintiff alleges sexual abuse, battery, and false imprisonment. (<u>Id.</u> at Counts I-III). These counts, however, and Defendant Dugan generally, are not relevant to the pending motion.

The Federal Defendants – FMC-Rochester Warden Brian Jett, former BOP Director Harley G. Lappin, FMC-Rochester Correctional Officers Lewis and Gora, FMC-Rochester Lieutenant D. Tolliver, and former North Central Regional Director Nalley – bring the present Motion to Dismiss or, in the alternative, for Summary Judgment. (Defs.' Mot. to Dismiss [Docket No. 41]). The Federal Defendants' cited grounds for dismissal include lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(2), and failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6). Alternatively, the Federal Defendants move for summary judgment pursuant to Rule 56.

## II.   FEDERAL DEFENDANTS' ALTERNATIVE MOTION FOR SUMMARY JUDGMENT, [DOCKET NO. 41]

The Federal Defendants' motion is captioned and drafted to serve as both a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 and a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the Court recommends that the Federal Defendants' motion, insofar as it purports to serve as a motion for summary judgment, be denied without prejudice.

Federal Rule of Civil Procedure 12(d) provides,

---

(D. Minn. July 27, 2012) (Graham, M.J.); <u>see also</u> <u>Davis v. United States</u>, 439 F.2d 1118, 1119 (8th Cir. 1971) (per curiam) ("By its plain language [Section 1983] does not authorize redress against the United States."). "An alleged victim of a constitutional error by a federal official must bring his or her claims pursuant to <u>Bivens</u> . . ., which 'is the federal analog to suits brought against state officials under' § 1983." <u>Solliday</u>, 2012 U.S. Dist. LEXIS 126008, at *2 n.1. Here, as in <u>Solliday</u>, a Section 1983 claim is improper because Defendants are federal employees.

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. **All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.**

Fed. R. Civ. P. 12(d) (emphasis added). In other words, should a party rely on information outside of its pleadings in support of a Rule 12 motion to dismiss, to the extent that such reliance necessarily <u>converts</u> the motion to dismiss into one for summary judgment, courts must allow all parties the opportunity to conduct and present discovery relevant to the motion.

Summary judgment is appropriate only when the evidence demonstrates that there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Smutka v. City of Hutchinson</u>, 451 F.3d 522, 526 (8th Cir. 2006). A disputed fact is "material" if it might affect the outcome of the case, and a factual dispute is "genuine" if the evidence is such that a reasonable party could return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

That being said, "summary judgment is proper only after the non-movant has had adequate time to engage in discovery." <u>Weber v. Travelers Home & Marine Ins. Co.</u>, No. 10-cv-2142 (RHK/LIB), 2011 U.S. Dist. LEXIS 20233, at *3 (D. Minn. Mar. 1, 2011) (Kyle, J.) (quoting <u>Stanbeck v. Best Diversified Prods., Inc.</u>, 180 F.3d 903, 911 (8th Cir. 1999); Fed. R. Civ. P. 12(d)). In the present case, discovery has not yet even begun, and Plaintiff has not had the opportunity to engage in meaningful discovery in opposition to the Government's summary judgment motion. Thus, a grant of summary judgment is premature at this stage. <u>Id.</u>

Consequently, the Court recommends that the Federal Defendants' Motion in the Alternative for Summary Judgment, [Docket No. 41], be **DENIED without prejudice**. The

Federal Defendants, should they so choose, may re-file this motion at the appropriate time following a reasonable opportunity for Plaintiff to conduct some discovery in this case.[4]

## III.     FEDERAL DEFENDANTS' MOTION TO DISMISS, [DOCKET NO. 41]

### A.     Standard of Review – Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In addressing a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, "we look only to the facts alleged in the complaint and construe those facts in the light most favorable to the plaintiff." Riley v. St. Louis County of Mo., 153 F.3d 627, 629 (8th Cir. 1998) (citing Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir. 1998)), cert. denied 525 U.S. 1178 (1999). All reasonable inferences must be drawn in favor of the nonmoving party. See Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," but in contrast, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting

---

[4] Because the Federal Defendants' alternative motion for summary judgment is denied without prejudice, the submissions to the Court outside of the Amended Complaint will not be considered in assessing the motion to dismiss under Fed. R. Civ. P. 12.

Twombly, 550 U.S. at 556-67. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 664.

Courts must undertake the "context-specific task" of determining whether the moving party's allegations "nudge" its claims against the defendant "across the line from conceivable to plausible." See id. at 679-81. The moving party must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.; see also Farnam Street Fin., Inc. v. Pump Media, Inc., No. 09-cv-233 (MJD/FLN), 2009 WL 4672668, at *3 (D. Minn. Dec. 8, 2009) (citing Iqbal, 556 U.S. at 678).

**B.     Analysis**

As discussed in Section I, supra, Plaintiff alleges that the Federal Defendants, acting under color of law, violated Plaintiff's rights under the First, Fifth, and Eighth Amendments. (Amended Compl. [Docket No. 18], ¶¶ 57, 58). Plaintiff alleges that the Federal Defendants' actions were deliberately indifferent, reckless, wanton, shocking to the conscience, and undertaken by concerted action. (Id. ¶¶ 59, 69).

**i.     Plaintiff's Bivens claim as alleged against Defendants Lewis and Gora for deliberate indifference to a serious medical need states a claim upon which relief may be granted.**

In the Amended Complaint, Plaintiff alleges that he immediately reported the sexual assault to Defendants Lewis and Gora, yet they refused to provide Plaintiff with requested medical assistance and largely ignored his report. (Amended Compl. [Docket No. 19], ¶ 62).[5]

---

[5] In his Amended Complaint, Plaintiff refers to and identifies Defendants "John Doe" and "Jane Doe" as "Federal Employees." However, because neither of these Defendants have been identified, served, or otherwise joined in the case, the Court disregards allegations implicating the Federal Employees for the purpose of the present motion.

Plaintiff argues that this action, or more accurately inaction, by Defendants Lewis and Gora constitutes deliberate indifference and, therefore, constitutes a violation of Plaintiff's Eighth Amendment rights.[6]

"A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors." Aldaco v. Holder, No. 10-cv-590 (JRT/LIB), 2011 U.S. Dist. LEXIS 22780, at *7-8 (D. Minn. Jan. 7, 2011) (citing Bivens, 403 U.S. at 395-97). "A Bivens claim allows a plaintiff to bring an action for money damages against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law." Id. at *8.

The Eighth Amendment to the United States Constitution prohibits the government from inflicting "cruel and unusual punishments" on persons convicted of crimes. See Rhodes v. Chapman, 425 U.S. 337, 344-46 (1981). Any "deliberate indifference to serious medical needs of prisoners" constitutes cruel and unusual punishment, and therefore, violates the Eighth Amendment "because it constitutes the unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 32 (1993) (internal quotation and citation omitted); see also Gregoire v. Class, 236 F.3d 413, 417 (8th Cir. 2000) ("It is well established that the Eighth Amendment prohibition on cruel and unusual punishment

---

[6] In his Amended Complaint, Plaintiff argues that the Federal Defendants infringed on his First, Fifth, and Eight Amendment rights. (Amended Compl. [Docket No. 18], ¶ 59). However, Plaintiff's Response to the motion to dismiss argues only his Eighth Amendment claim, without discussing any alleged violations of his First or Fifth Amendment rights. (Pl.'s Opp. Mem. [Docket No. 59]). In fact, at the November 19, 2013, motion hearing, Defense counsel admitted on the record that the First and Fifth Amendment claims are "incredibly weak compared to the Eighth Amendment." Nothing in the Amended Complaint sufficiently implicates Defendants Lewis and/or Gora in violating Plaintiff's First or Fifth Amendment rights. The Court, therefore, within the context of this motion and with respect to Defendants Lewis and Gora, considers Plaintiff's First and Fifth Amendment claims abandoned. See Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740 (8th Cir. 1985) ("A party's failure to raise or discuss an issue in [its] brief is to be deemed an abandonment of that issue.").

extends to protect prisoners from deliberate indifference from serious medical needs" (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976))).

To demonstrate the "deliberate indifference" necessary for pleading an Eighth Amendment violation, a prisoner must show (1) that he had an objectively severe medical need, and (2) that prison officials knew of, but deliberately disregarded, that need. Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000). Therefore, the issue in the present motion is whether Plaintiff has alleged facts sufficient to create a "facial[ly] plausib[le]" claim against Defendants Lewis and Gora for deliberate indifference to a serious medical need. Iqbal, 556 U.S. at 662.

Plaintiff's claim of deliberate indifference with regard to Defendants Lewis and Gora turns on allegations that prison officials failed to provide timely and appropriate medical care after he reported being sexually assault. As such, he must show "more than negligence, more even than gross negligence . . . ." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). Rather, "[d]eliberate indifference is akin to criminal recklessness." Drake v. Koss, 445 F.3d 1038, 1042 (8th Cir. 2006). "Specifically, the prisoner must show both (1) that a prison official had actual knowledge that the prisoner's medical condition created a substantial risk of serious harm to the prisoner's health, and (2) that the prison official failed to act reasonably to abate that risk." Baez v. Rosemack, No. 09-cv-2121 (RHK/LIB), 2011 U.S. Dist. LEXIS 103513, at *13 (D. Minn. Aug. 9, 2011) (Brisbois, M.J.) (citing Coleman v. Rahija, 114 F.3d 778, 785 (8th Cir. 1997)).

In addition, to sufficiently plead deliberate indifference, Plaintiff's Amended Complaint must demonstrate that he had an objectively severe medical need. Sexual assault/rape is an objectively severe medical condition. See generally, Hill v. Anderson, No. 06-cv-4497 (PJS/JJG), 2008 WL 319898 (D. Minn. Feb. 5, 2008). "[N]o reasonable prison official . . . could

have concluded . . . that a detainee who was sexually assaulted . . . did not suffer a 'serious harm.'" <u>Kahle v. Leonard</u>, 477 F.3d 544, 553 (8th Cir. 2007).

Plaintiff's pleadings at this juncture are sufficient to implicate actions "akin to criminal recklessness," in that he alleges that the correctional officers deliberately ignored Plaintiff's requests for medical attention immediately following a reported rape. <u>Drake</u>, 445 F.3d at 1042. When viewed in the light most favorable to Plaintiff, Plaintiff's Amended Complaint must demonstrate that Defendants Lewis and Gora <u>knew of Plaintiff's medical need</u>. <u>See</u> <u>Jolly</u>, 205 F.3d at 1096; <u>Baez</u>, 2011 U.S. Dist. LEXIS 103513, at *13. Accepting as true the facts Plaintiff alleges, his claims against Defendants Lewis and Gora demonstrate Defendants' actual knowledge and subsequent disregard of Plaintiff's severe medical need (sexual assault) sufficient to survive a Rule 12(b)(6) motion. Plaintiff alleges that Defendants had actual knowledge of his assault, as he immediately reported it to them, and that the officers chose to ignore his report. Plaintiff has alleged sufficient facts in support of each of the elements of deliberate indifference such that Plaintiff states an Eighth Amendment <u>Bivens</u> claim upon which relief may be granted.

However, the Court must consider whether, upon the facts alleged in the Amended Complaint, Defendants Lewis and Gora may be protected by qualified immunity. "This doctrine protects government officials who perform discretionary functions, where their conduct does not violate clearly established statutory or constitutional rights. The doctrine is often described as supplying immunity for all but 'the plainly incompetent and those who knowingly violate the law.'" <u>Hill</u>, 2008 WL 319898, at *6 (<u>citing</u> <u>Ambrose v. Young</u>, 474 F.3d 1070, 1077 (8th Cir. 2007) (indirectly quoting <u>Meloy v. Bachmeier</u>, 302 F.3d 845, 849 (8th Cir. 2002)). "As with all Motions to Dismiss, one predicated on qualified immunity requires that we 'view[ ] the allegations in the complaint in the light most favorable to the plaintiff.'" <u>Jackson v. Fed. Bureau</u>

of Prisons, No. 06-cv-1347 (MJD/RLE), 2007 WL 843839, at \*15 (D. Minn. Mar. 16, 2007) (citing Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996)).

"[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in the light of the legal rules that were 'clearly established' at the time it was taken." Wilson v. Layne, 526 U.S. 603, 614 (1999). The contours of the constitutional right at issue "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right," but "[t]his is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in light of pre-existing law, the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 641 (1987).

Construing all allegations advanced in Plaintiff's Amended Complaint as true, Defendants Lewis and Gora arguably waived their right to qualified immunity when they ignored Plaintiff's explicit requests for medical attention immediately following a sexual assault. "In the simplest and most absolute of terms, the Eighth Amendment right of prisoners to be free from sexual abuse was unquestionably clearly established prior to the time of this alleged assault, and no reasonable prison guard could possibly have believed otherwise." Kahle, 477 F.3d at 553 (citing Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000)). Thus, Plaintiff has pled sufficient facts, at least at this juncture,[7] to have the opportunity to proceed with his claims against Defendants Lewis and Gora that asserts they may be held liable under Bivens for

---

[7] By this Report and Recommendation, the Court does not mean to suggest one way or the other whether Plaintiff will ultimately prevail on the merits of his claims against Defendants Lewis and/or Gora, nor whether Defendants Lewis and/or Gora will be unable to successfully rely on the defense of qualified immunity at the dispositive motion or trial stage.

exhibiting deliberate indifference to a detainee's medical needs following a report of sexual assault.

For the foregoing reasons, the Court recommends **DENYING** the Federal Defendants' Motion to Dismiss, [Docket No. 41], with respect to Defendants Lewis and Gora's alleged deliberate indifference to Plaintiff's serious medical need.

> **ii.     Plaintiff's <u>Bivens</u> claim as alleged against the Federal Defendants for deliberate indifference to the need to protect Plaintiff from a substantial risk of harm fails to state a claim upon which relief may be granted.**

Plaintiff generally alleges that the Federal Defendants were deliberately indifferent to the need to protect Plaintiff from a substantial risk of harm in violation of the Eight Amendment. This allegation is generally referenced throughout the Amended Complaint, but Plaintiff's more specific allegations target only Defendants Jett, Lewis, and Gora: "Upon information and belief, Plaintiff understands that Defendants Warden [Jett], Lewis, Gora, and Federal Employees knew that Defendant Dugan was making sexually charged comments about having sex with Plaintiff, or about sexually assaulting him . . . ." (Amended Compl. [Docket No. 18], ¶ 25).

Plaintiff may plead an Eighth Amendment <u>Bivens</u> claim a second way. A prison official may also violate the Eighth Amendment if he or she is deliberately indifferent to the need to protect an inmate from a substantial risk of harm from other inmates. <u>Jackson v. Everett</u>, 140 F.3d 1149, 1151 (8th Cir. 1998). To plead deliberate indifference in this regard, a plaintiff must make a two-part showing, similar to the two-part showing required to demonstrate deliberate indifference to a serious medical need: (1) that, when viewed objectively, the alleged deprivation of rights was sufficiently serious, and (2) that the defendant, subjectively, had the requisite "culpable state of mind." <u>Irving v. Dormire</u>, 518 F.3d 441, 446 (8th Cir. 2008) (<u>quoting</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994)). The deprivation is "objectively, sufficiently serious"

when the official's failure to protect resulted in the inmate being "incarcerated under conditions posing a substantial risk of serious harm." Id. An official is deliberately indifferent when he or she <u>actually knows</u> of the substantial risk and fails to respond reasonably. <u>Irving</u>, 518 F.3d at 844-45.

Plaintiff's Amended Complaint alleges that the Federal Defendants (with specific references only to Defendants Jett, Lewis, and Gora) knew or should have known of the risk Dugan posed to Plaintiff. However, Plaintiff's allegations are vague and conclusory at best, stating only that it is Plaintiff's <u>understanding</u> that the Federal Defendants knew that Dugan was making sexually explicit comments to and regarding Plaintiff. However, Plaintiff's Amended Complaint contains no specific facts indicating that this was indeed the case, or that <u>any</u> of the Federal Defendants <u>actually possessed subjective knowledge</u> of the risk Dugan posed to Plaintiff and deliberately ignored it. As a result, the Amended Complaint is insufficient to sustain Plaintiff's Eighth Amendment <u>Bivens</u> claim for deliberate indifference to the need to protect Plaintiff from a substantial risk of harm.

For the foregoing reasons, the Court recommends **GRANTING** the Federal Defendants' Motion to Dismiss, [Docket No. 41], with respect to the Federal Defendants' alleged deliberate indifference to the need to protect Plaintiff from a substantial risk of harm.[8]

---

[8] The Court recommends that this dismissal pursuant to Rule 12(b)(6) be without prejudice. <u>See</u> <u>CNH America LLC v. Int'l Union</u>, 645 F.3d 785, 795 (6th Cir. 2011) (explaining that "[o]rdinarily, if a district court grants a defendant's 12(b)(6) motion, the court will dismiss the claim without prejudice to give parties an opportunity to fix their pleading defects . . . [b]ut if a party does not file a motion to amend or a proposed amended complaint, it is not an abuse of discretion for the district court to dismiss the claims with prejudice."); <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment. A district court's failure to consider the relevant factors and articulate why dismissal should be with prejudice instead of without prejudice may constitute an abuse of discretion." ); <u>Ostrzenski v. Seigel</u>, 177 F.3d 245, 252-53 (4th Cir. 1999) (holding that "the district court should not have dismissed the complaint with prejudice without permitting [the plaintiff] an opportunity to amend," and explaining that "[t]he better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.").

iii.   **Plaintiff's** <u>Bivens</u> **claim as alleged against Defendants Jett, Lappin, and Nalley[9] for transferring Defendant Dugan to FMC-Rochester fails to state a claim upon which relief may be granted.**

Plaintiff alleges that Defendants Jett, Lappin, and Nalley, in their individual capacities, violated Plaintiff's constitutional rights when they transferred Defendant Dugan to FMC-Rochester. Plaintiff generally alleges that Defendants Jett, Lappin, and Nalley knew of Defendant Dugan's history of assaulting fellow prisoners, knew that FMC-Rochester housed inmates "with complex illnesses that made said inmates physically or mentally disabled," and knew that inmates with physical or mental disabilities are more likely to be victims of prison rape. (Amended Compl. [Docket No. 18], ¶ 60). As a result of this alleged knowledge, Plaintiff contends, again only generally, that Defendants Jett, Lappin, and Nalley were necessarily deliberately indifferent to Plaintiff's safety and constitutional rights in transferring Defendant Dugan to FMC-Rochester. (<u>Id.</u>) Additionally, with respect to Defendant Jett, Plaintiff alleges that Defendant Jett "tacitly approved" of the alleged sexual assault to deter and "punish" Plaintiff for expressing a desire to sue the BOP and its employees with regard to a separate incident. (<u>Id.</u> ¶¶ 17, 21-27, 36-39, 59, 69).

Plaintiff cannot sustain a <u>Bivens</u> claim premised on Defendant Dugan's transfer to FMC-Rochester against Defendants Jett, Lappin, and Nalley because he fails to adequately plead specific, <u>individual</u> actions by these Defendants in the complained-of conduct. Plaintiff's Amended Complaint implicates Defendants Jett, Lappin, and Nalley in the transfer of Defendant Dugan to FMC-Rochester only in their general, supervisory capacities.

"Because vicarious liability is inapplicable to <u>Bivens</u> and § 1983 suits, the plaintiff in a suit such as the present one must plead that each Government-official defendant, **through his own individual actions**, has violated the Constitution." <u>Iqbal</u>, 556 U.S. at 663 (internal citations

---

[9] FMC-Rochester Warden, former BOP Director, and former North Central Regional Director, respectively.

omitted) (emphasis added). <u>See also</u> <u>Buford v. Runyon</u>, 160 F.3d 1199, 1203 n. 7 (8th Cir. 1998) (<u>Bivens</u> actions cannot be premised on <u>respondeat superior</u> liability; defendants are liable for their personal acts only); <u>Eddy v. Keohane</u>, No. 99-4093, 242 F.3d 374 (8th Cir. Nov. 28, 2000) (unpublished) (per curiam) (upholding the district court's entry of summary judgment in favor of a BOP Warden for plaintiff's failure to implicate the defendant's individual conduct in the complained-of action).

Plaintiff has failed to identify in his amended pleadings specific, individual actions by the three supervisory Defendants sufficient to state a <u>Bivens</u> claim upon which relief may be granted. Plaintiff alleges instead that their supervisory and managerial positions and duties alone are sufficient to implicate their involvement in Dugan's transfer. In his Amended Complaint, Plaintiff relies on broad, conclusory statements concerning the powers and authority of the Bureau of Prisons generally to implicate Defendants Jett, Lappin, and Nalley. Plaintiff implicates these Defendants only by reference to their leadership positions within the BOP.

Plaintiff alleges that the BOP, as an agency, has the authority to transfer inmates within the federal corrections system and determine where federal inmates will be housed. (Amended Compl. [Docket No. 18], ¶ 18). Plaintiff then alleges, "Upon information and belief, Plaintiff understands that Defendant Dugan had a prior history of sexually assaulting other inmates at other institutions, and that he had been transferred from prison to prion, in part, because of assaults he performed against other inmates." (<u>Id.</u> ¶ 20). Using these two allegations together, Plaintiff effectively alleges that because Defendants Jett, Lappin, and Nalley are responsible for inmate transfers within the federal corrections system – by virtue of their <u>job titles alone</u> – they therefore transferred Defendant Dugan <u>knowing</u> he would pose a danger to inmates at FMC-Rochester. (<u>Id.</u> ¶¶ 20, 21).

14

Setting aside for a moment the fact that Plaintiff fails to allege any facts in support of his allegations that Defendant Dugan had a prior history of sexual assault, or that the BOP was aware of this history of assault, or that this alleged history prompted his other institutional transfers, Plaintiff fails to identify any <u>individual actions</u> by Defendant Jett, Lappin, and Nalley sufficient to sustain a <u>Bivens</u> claim against them for the transfer. Nowhere in the Amended Complaint does Plaintiff identify actions specifically taken by these Defendants to effect Defendant Dugan's transfer to FMC-Rochester. Rather, Plaintiff attributes the BOP's general inmate transfer authority to Defendants Jett, Lappin, and Nalley, simply by virtue of their supervisory positions: "[b]ecause the **BOP** is solely responsible for the inmates in its care and for the transfer of inmates, Plaintiff understands that Defendants Warden, BOP Director, NCR Director and Federal Employees knew of Defendant Dugan's history of sexually assaulting fellow inmates, and that he was being moved from prison to prison, in part, because of said assaults." (<u>Id.</u> ¶ 21) (emphasis added). Without more, Plaintiff's <u>Bivens</u> claim against Defendants Jett, Lappin, and Nalley, as premised on Defendant Dugan's transfer to FMC-Rochester, necessarily fails the pleading standards under Rule 12(b)(6).

Even if Plaintiff's Amended Complaint somehow implicated individual actions by these Defendants in Defendant Dugan's transfer, as noted above, Plaintiff fails to allege <u>any facts</u> in support of either (1) Defendant Dugan's alleged assault history, or (2) Defendants' alleged <u>actual, subjective knowledge</u> of said history. As a result, Plaintiff's <u>Bivens</u> claim for deliberate indifference to the need to protect Plaintiff from a substantial risk of harm, as direct at Defendants Jett, Lappin, and Nalley and premised on Defendant Dugan's transfer, necessarily fails. <u>See</u> Section III.B.ii, <u>supra</u>.

Along the same lines, Plaintiff's claim that these Defendants <u>knowingly</u> (as opposed to deliberately indifferently) transferred Defendant Dugan in retaliation for his desire to file a civil action regarding a different matter against prison employees also fails to plead facts sufficient to demonstrate the Defendants' actual, subjective knowledge of Defendant Dugan's alleged history of sexual assault.

In <u>Webb v. Hedrick</u>, 409 Fed. Appx. 33 (8th Cir. 2010), the Eighth Circuit affirmed the district court's grant of summary on a <u>Bivens</u> action in favor of various federal corrections personnel. Of particular significance to the present case, the court held that the plaintiff's claims against BOP Warden Hedrick failed because <u>Bivens</u> liability cannot be premised on a theory of <u>respondeat superior</u> alone:

> Webb alleges that Hedrick retaliated against Webb when Hedrick failed to respond to Webb's multiple complaints of retaliation by Hedrick's staff. Under <u>Bivens</u>, however, Hedrick's inaction must itself have had a retaliatory motivation, and Webb has produced no evidence to suggest Hedrick had the requisite intent. Webb also alleges that Hedrick acted with deliberate indifference when he did not respond to Webb's complaints of inadequate medical care. As a non-medical professional, however, Hedrick is not personally liable for his medical staff's treatment decisions, and under <u>Bivens</u>, he cannot be held vicariously liable for their actions.

<u>Id.</u> at 35-36 (internal citations omitted).

Not only does Plaintiff fail to allege any facts in support of Defendants' alleged "retaliatory motivation," as in <u>Webb</u>, but nothing in the Amended Complaint identifies any individual involvement by Defendants Jett, Lappin, and Nalley in the complained-of conduct. <u>Hill v. Anderson</u>, No. 06-cv-4497 (PJS/JJG), 2008 WL 319898, at *4 (D. Minn. Feb. 5, 2008) ("Where a prisoner alleges that a warden has not adequately supervised staff, but does not allege particular facts showing deliberate indifference or tacit authorization of constitutional violations,

the prisoner has no cause for relief against the warden.") (citing Ambrose, 474 F.3d at 1079;

Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002)).

Because Plaintiff fails to sufficiently allege individual involvement by Defendants Jett,

Lappin, and Nalley, or any actual, subjective knowledge regarding Defendant Dugan's alleged

history or the alleged risk he posed to Plaintiff, the Court recommends **GRANTING** the Federal

Defendants Motion to Dismiss, [Docket No. 41], with respect to the above-descrbied Bivens

claims against Defendants Jett, Lappin, and Nalley.[10]

> **iv.    Plaintiff's <u>Bivens</u> claim as alleged against Defendants Jett and Tolliver for placing Defendant in solitary confinement fails to state a claim upon which relief may be granted.**

Plaintiff also alleges generally that Defendants Jett and Tolliver[11] "acted in retaliation by

placing Plaintiff in solitary confinement after he complained of being assaulted and when he

continued to complain that he was being denied medical attention." (Amended Compl. [Docket

No. 18], ¶ 63). However, Plaintiff fails to plead any facts in support of the Defendants'

retaliatory motivation.

As articulated in Webb, supra, Plaintiff must plead some evidence in support of

Defendant Tolliver's alleged retaliatory motivation in placing Defendant in solitary confinement.

A Bivens plaintiff must show a causal connection between a defendant's retaliatory animus and

subsequent injury in any sort of retaliation action. Hartman v. Moore, 547 U.S. 250, 259 (2006).

Generally speaking, Plaintiff's retaliation allegations are vague and "lack plausible detail."

---

[10] The Court recommends that this dismissal pursuant to Rule 12(b)(6) be without prejudice. See footnote 8, supra.

[11] Plaintiff alleges that Defendant Jett had a role in placing Plaintiff in solitary confinement following the assault; however, Plaintiff fails to implicate any specific individual action by Defendant Jett in this regard, and the actions of Defendant Tolliver "on the ground" may not be imputed to Defendant Jett in a Bivens action. See Section III.B.iii, supra. However, the analysis applied to dismiss this claim against Defendant Tolliver also applies to Defendant Jett, even assuming Plaintiff had implicated individual involvement by Defendant Jett.

Espousing <u>zero</u> facts in support of a retaliatory motivation on the part of <u>any</u> of the Federal Defendants, much less facts in support of the underlying information prerequisite to having such a retaliatory motivation (i.e. knowledge of Defendant Dugan's alleged history of sexual assault, or knowledge that Plaintiff desired to bring a civil action in another matter against prison employees), Plaintiff has failed to state a <u>Bivens</u> claim upon which relief may be granted regarding his placement in solitary confinement. As a result, the Court recommends **GRANTING** the Federal Defendants' Motion to Dismiss, [Docket No. 41], with respect to this <u>Bivens</u> claim against Defendants Jett and Tolliver.[12]

> **v.      Plaintiff's 42 U.S.C. § 1985 conspiracy claim as alleged against all Federal Defendants fails to state a claim upon which relief may be granted.**

Finally, in connection with the foregoing <u>Bivens</u> allegations, Plaintiff conclusorily alleges that the Federal Defendants "worked in concert" to effect the complained-of action. (Amended Compl. [Docket No. 18], ¶ 69).

First, as discussed above, Plaintiff has failed to sufficiently plead facts to demonstrate that, with the exception of Defendants Lewis and Gora, any of the Federal Defendants violated his constitutional rights. "Civil conspiracy requires an agreement to participate in unlawful activity and an overt act that causes injury, so it does not set forth an independent cause of action, but rather is sustainable only after an underlying tort claim has been established." <u>K & S Partnership v. Continental Bank, N.A.</u>, 952 F.2d 971, 980 (8th Cir. 1991) (internal quotation and citation omitted). Plaintiff cannot demonstrate that he suffered a constitutional harm as a result of Defendants' alleged agreement and action if, as discussed relative to his underlying <u>Bivens</u> claim, he cannot show that he in fact suffered any constitutional harm (with respect to all Federal Defendants save Lewis and Gora).

---

[12] The Court recommends that this dismissal pursuant to Rule 12(b)(6) be without prejudice. <u>See</u> footnote 8, <u>supra</u>.

Regardless of whether Plaintiff is able to successfully plead any individual constitutional violations, Plaintiff fails to allege any facts that would support his claim that the Federal Defendants actually conspired. Plaintiff merely alleges in conclusory fashion that the Federal Defendants "worked in concert." (Amended Compl. [Docket No. 18], ¶ 69). However, Plaintiff identifies no facts in his Amended Complaint which would lead one to plausibly conclude that there was any sort of conspiracy. Like the complaint in Iqbal, which only alleged that supervisory officials "knew of, condoned, and willfully and maliciously agreed to" subject the plaintiff to harsh conditions for an illegitimate reason, these "allegations are conclusory and not entitled to be assumed true." Iqbal, 556 U.S. at 681; see also Twombly, 550 U.S. at 554-55. The Court is "mindful that 'conspiracies are by their nature usually clandestine. It is unlikely that a plaintiff in a conspiracy case will be able to provide direct evidence of a conspiratorial agreement. Thus, such evidence is not necessary to prove that a civil conspiracy existed.'" White v. Walsh, 649 F.2d 560, 561 (8th Cir. 1981) (quoting Sparkman v. McFarlin, 601 F.2d 261, 278 n.19 (7th Cir. 1979) (en banc) (Swygert, J., dissenting)). However, even though a plaintiff need not provide direct evidence of a conspiracy, he still must assert some evidence.[13] Here, Plaintiff has alleged no specific facts that would support his Section 1985 conspiracy claims.

---

[13] In White, the plaintiff alleged that a state court judge, a prosecutor, and his own defense counsel conspired together to have him removed from the courtroom during jury selection for his trial. White's complaint stated that he instructed his attorney that he wished to be present during all aspects of his trial, including jury selection. Nonetheless, the judge allowed White to be removed from the courtroom and placed in a holding cell during jury selection, without providing any reason in the record for doing so. When White was returned to the courtroom, an all-white jury had been seated. White both objected to the all-white jury and requested that he be appointed a new attorney; the trial court refused to alter the jury, and denied White's request for new counsel 649 F.2d at 652. The Court of Appeals concluded, based on the plaintiff's complaint, that he "state[d] sufficient facts to give rise to the inference that there was . . . a meeting of the minds[, and a]ccordingly, the district court erred by dismissing White's complaint for lack of specificity. Id.

For the foregoing reasons, the Court recommends that Defendants' Motion to Dismiss, [Docket No. 41], be **GRANTED** with respect to Plaintiff's <u>Bivens</u> and § 1985 conspiracy claims.[14]

## IV.   CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Federal Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment, [Docket No. 41], be **GRANTED in part** and **DENIED in part** as set forth above.


Dated: January 27, 2014                                        s/Leo I. Brisbois
                                                                        The Honorable Leo I. Brisbois
                                                                        United States Magistrate Judge


### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by February 10, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections **by February 24, 2014**. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.

---

[14] The Court recommends that this dismissal pursuant to Rule 12(b)(6) be without prejudice. <u>See</u> footnote 8, <u>supra</u>.